**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

COPPERWELD BIMETALLICS, LLC,

Plaintiff,

v.

CERRO WIRE, LLC, et al.,

Defendants.

CERRO WIRE, LLC,

Counter-Claimant,

v.

COPPERWELD BIMETALLICS, LLC,

Counter-Defendant.

Miscellaneous Action No.: 24-mc-457

(Related to Civil Action 5:21-cv-01310-MHH, N.D. Alabama)

**MEMORANDUM OF LAW IN SUPPORT**
**OF CERRO WIRE'S MOTION TO COMPEL**

TABLE OF CONTENTS

I. INTRODUCTION ........ 1
II. FACTS ........ 2
III. ARGUMENT ........ 4
A. The Court Should Compel Exponent to Comply With The Subpoena ........ 4
B. The Subpoena is Valid and was Properly Served ........ 4
C. The Subpoena Seeks Exponent's Documents Within the Scope of Discovery ........ 5
IV. CERRO WIRE IS ENTITLED TO ITS ATTORNEY'S FEES AND COSTS ........ 6
V. CONCLUSION ........ 8

Cerro Wire, LLC ("Cerro Wire") submits this memorandum of law in support of its motion to compel non-party Exponent, Inc. ("Exponent") to produce documents.

## I. INTRODUCTION

Cerro Wire's motion relates to an action pending in the United States District Court for the Northern District of Alabama. Copperweld Bimetallics, LLC ("Copperweld") filed the lawsuit against Cerro Wire, Southwire, Inc., Christel Hunter and David Watson (collectively, Defendants"). The lawsuit relates, in part, to Copperweld's attempts to reduce the size of branch circuit conductors that are allowed in the National Electrical Code ("NEC") to include 14 AWG copper-clad aluminum ("CCA") conductors. Thus, the safety of those smaller size CCA conductors, as well as the proper methods for determining their safety, are issues in the lawsuit.

During fact discovery in the lawsuit, Copperweld tried to hide and conceal that its CCA building wire has failed safety testing that Copperweld itself engaged a Nationally Recognized Testing Lab ("NRTL") to conduct. Cerro Wire uncovered the failed safety testing through discovery of non-parties to the lawsuit. Cerro Wire discovered the NRTL that Copperweld engaged for the safety testing issued a formal report to Copperweld that detailed its testing and results. The report showed that Copperweld's CCA failed the safety testing and, in fact, the CCA melted, charred, and/or burned. Cerro Wire also learned that, with total disregard for human life and safety, Copperweld intentionally modified the NRTL's report to remove the unfavorable test results that showed melting, charring, and/or burning, and then Copperweld distributed the modified, fake report to customers, potential customers, and other relevant entities and individuals falsely and misleadingly suggesting that its CCA product passed the NRTL's certification-level testing. At least some of the recipients of the fake report are installing CCA in homes and buildings.

Cerro Wire has also discovered that Copperweld is aware of several instances of fires in houses and buildings wired with its CCA products. Cerro Wire discovered that Copperweld

retained Exponent, Inc., a science and engineering consulting firm, to investigate the causes of at least two of those fires. As such, Cerro Wire served a document subpoena on Exponent (the "Subpoena," attached as Exhibit 1) seeking documents and information relevant to Exponent's investigations of house and building fires wired with CCA.

Exponent failed to produce documents, respond to the Subpoena, or even respond to Cerro Wire's repeated attempts to meet and confer for three months after Cerro Wire served the Subpoena. Eventually, Exponent responded and provided a narrow document production that only includes documents related to one of its investigations, includes no emails, and does not include a privilege log. Cerro Wire has attempted to meet and confer with Exponent, but Exponent has again refused to respond to Cerro Wire. Exponent has provided no justification for its narrow production and refusal to respond to Cerro Wire.

Accordingly, Cerro Wire requests that the Court enter an order compelling Exponent to by ordering Exponent to produce additional documents and a privilege log and award Cerro Wire its expenses, including attorney's fees and costs, associated with bringing this motion.

## II. FACTS

Cerro Wire learned during discovery in the underlying case that Exponent has conducted an evaluation of the cause of at least two fires in buildings wired with CCA. Declaration of Michael J. Sebba ("Sebba Decl.") at ¶ 2. On June 18, 2024, Cerro Wire issued, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Subpoena requiring Exponent to produce, by July 18, 2024, documents pertaining to its CCA evaluations. Ex. 1. On June 19, 2024, Cerro Wire served the Subpoena on Exponent's registered agent Mohamed Dansoko, the intake specialist at Exponent's registered office, located at 28 Liberty Street, New York, NY. Ex. 2. The Subpoena required Exponent to produce responsive documents at the Manhattan office of Cerro Wire's counsel, located at 250 W. 55th Street, New York, New York 10019. Ex. 1. The distance from Exponent's

Liberty Street office to Cerro Wire's counsel's Manhattan office is less than 5 miles. Sebba Decl. ¶ 5.

Exponent contacted Cerro Wire for the first time on the July 18, 2024 production due date. Sebba Decl. ¶ 6. Exponent sent Cerro Wire a letter acknowledging the Subpoena, stating that there were some privileged documents and that it would provide Copperweld an opportunity to review those documents before production. Sebba Decl. ¶ 7; Ex. 3. Cerro Wire responded within an hour acknowledging the letter and providing Exponent an 8-day extension to produce its responsive documents. Sebba Decl. ¶ 8; Ex. 4. Exponent did not respond to Cerro Wire's email or produce any documents on the extended deadline. Sebba Decl. ¶ 8.

On August 13, 2024, Cerro Wire emailed Exponent again reminding it that documents and objections were due almost a month prior and requesting to meet and confer. Sebba Decl. ¶ 9; Ex. 4. Exponent did not respond. Sebba Decl. ¶ 9. Cerro Wire emailed Exponent again on August 28, 2024 reminding it that Exponent had not provided a production which was due 6 weeks prior or responded to Cerro Wire's previous emails. Sebba Decl. ¶ 10; Ex. 4. Cerro Wire also requested Exponent's availability to meet and confer. Sebba Decl. ¶ 10; Ex. 4.

Finally, on September 17, 2024, Exponent provided a narrow document production. Sebba Decl. ¶ 11; Ex. 4. This document production only included documents relating to Exponent's investigation of a fire that occurred in Alabama (the "Alabama Fire Investigation"), but no other investigations. The production also included no emails. Sebba Decl. ¶ 11. Exponent provided no privilege log. *Id.* Exponent provided no explanation for the delay. *Id.* Cerro Wire promptly reviewed the production and five days later on September 22, 2024, emailed Exponent noting that the production lacked certain responsive documents and a privilege log and requesting these documents or availability to meet and confer by September 26, 2024. Sebba Decl. ¶ 12; Ex. 4.

Exponent did not respond. *Id*. Cerro Wire emailed Exponent again on September 27, 2024 reminding it that Exponent had not responded to Cerro Wire's previous email. Sebba Decl. ¶ 13; Ex. 4

To date, Exponent has not provided a complete production, has not served any objections to the Subpoena, has not agreed to meet and confer to address the deficiencies, and has not offered any excuse for its failure to comply with the Subpoena. Sebba Decl. ¶ 14.

## III. ARGUMENT

### A. The Court Should Compel Exponent to Comply With The Subpoena

Rule 34 of the Federal Rules of Civil Procedure authorizes parties in civil actions to request from non-parties, by subpoena, "documents and tangible things" within the scope of discovery permitted by Rule 26(b). *See* Fed. R. Civ. P. 34(c). If a non-party fails to produce documents in compliance with a subpoena, the District Court for the district where compliance is required may enter an order compelling the non-party to produce the subpoenaed documents. *See* Fed. R. Civ. P. 37(a)(l), 45(d)(2)(B)(i); *see also United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016) ("[I]f a motion to compel is necessary, the motion must be made in 'the court for the district where compliance is required.'"). As detailed herein, Cerro Wire requests that the Court compel Exponent's compliance with the Subpoena by ordering Exponent to produce (1) responsive emails, (2) documents responsive to the subpoena related to all investigations of houses wire with Copperweld CCA wire (not only the Alabama Fire Investigation) and (3) a privilege log.

### B. The Subpoena is Valid and was Properly Served

Cerro Wire issued the Subpoena from the United States District Court for the Northern District of Alabama, where this action is pending, in accordance with Rule 45(a). The Subpoena requires compliance at Cerro Wire's counsel's Manhattan office, less than 5 miles from Exponent's registered office in Manhattan. *See* Fed. R. Civ. P. 45(c) (providing that a subpoena may command

attendance at a deposition and production of documents at a place "within 100 miles" of where the subpoenaed entity regularly transacts business). And Cerro Wire served the Subpoena on Exponent's registered agent.

Thus, the Subpoena is valid and properly served and there is no credible dispute to the contrary. Indeed, Exponent has not lodged any objections to the Subpoena and Exponent's counsel acknowledged receipt of the Subpoena and provided a narrow (albeit incomplete) production of documents.

### C. The Subpoena Seeks Exponent's Documents Within the Scope of Discovery

Rule 26(b) provides that a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Pegoraro v. Marrero*, 281 F.R.D. 122, 127 (S.D.N.Y. 2012) (alterations in original) (quoting *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992)) (internal quotation marks omitted).

The Subpoena seeks Exponent documents relating to evaluations it performed on behalf of Copperweld. These documents relate to the testing and safety of Copperweld's CCA product, which is relevant to claims and defenses in the underlying litigation. Because at least some of these documents are only in Exponent's possession, they cannot be obtained from Copperweld. Exponent cannot produce only a subset of these that relate to one of its investigations. The Subpoena thus properly seeks the production of documents within the permissible scope of discovery and beyond Exponent's narrow production.

Moreover, Exponent has not objected to the scope of the Subpoena or asserted that compliance with the Subpoena would impose an undue burden or expense, and the deadline to

assert these or any other objections has long passed. *See* Fed. R. Civ. P. 45(d)(2)(B) (providing that objections to a document subpoena must be served in writing "before the earlier of the time specified for compliance or 14 days after the subpoena is served"). *See also* Ex. 1 (providing a compliance date of July 18, 2024, 29 days after the subpoena is served).

Accordingly, Exponent has waived any objections it may now wish to assert, and Cerro Wire is entitled to all of the responsive documents requested in the Subpoena. *Top Jet Enterprises, Ltd. v. Kulowiec*, No. 21-MC-789 (RA) (KHP), 2022 WL 280459, at *5 (S.D.N.Y. Jan. 31, 2022) ("A failure to timely object is deemed a waiver absent a showing of good cause."); *id*. at *4 (noting that "[t]he fourteen day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections" and holding that non-party who failed to file objections consequently waived all objections that subpoena was unduly burdensome and overbroad). *See also* 9A Charles Alan Wright et al., *Federal Practice and Procedure* § 2463 ("A failure to object within the fourteen-day period usually results in waiver of the contested issue."). Cerro Wire requests, therefore, that the Court compel Exponent to comply with the Subpoena.

## IV. CERRO WIRE IS ENTITLED TO ITS ATTORNEY'S FEES AND COSTS

Under Rule 37(a)(5), Cerro Wire is entitled to recover its expenses, including attorney's fees and costs, incurred as a result of filing this motion. *See* Fed. R. Civ. P. 37(a)(5) ("If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, No. 1:12-CV-2902-JEC, 2014 WL 4308355, at *1 (S.D.N.Y. Aug. 26, 2014) ("Any motions to compel compliance with a duly issued subpoena, if successful, would of course entitle the moving party to an award of attorneys' fees and costs in appropriate circumstances.").

Cerro Wire made several good faith attempts to resolve the discovery issues without bringing the Court into the dispute. Exponent refused to even communicate with Cerro Wire for eight weeks before providing an incomplete document production. Cerro Wire promptly identified the deficiencies, and Exponent once again has refused to respond and has offered no justification for failing to comply with the Subpoena. Moreover, Cerro Wire has been and continues to be prejudiced by Exponent's actions and the circumstances warrant an award of expenses. *See, e.g., Sprint Nextel Corp.* 2014 WL 4308355, at *1 (awarding costs under Rule 37 against a non-party who failed to comply with document and deposition subpoenas); *Ultradent Prod., Inc. v. Hayman*, No. M8-85 RPP, 2002 WL 31119425, at *5 (S.D.N.Y. Sept. 24, 2002) (awarding costs under Rule 37 against non-party who failed to comply with document subpoena); *Aetna Cas. & Sur. Co. v. Rodeo Autobody*, 130 F.R.D. 2, 4 (D. Mass. 1990) (awarding attorney's fees and costs against non-party who failed to comply with discovery subpoena); *see also Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1326 (9th Cir. 1983) (holding that the district court properly ordered subpoenaed witness's attorney to pay motion to compel expenses because attorney's advice not to answer questions "was not justified").

In addition, since Exponent failed to comply with the Subpoena and failed to offer any objections or other reasons for its non-compliance, the Court may hold Exponent in contempt. *See* Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person, who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); *see also AMMEX Corp. v. NY Healthlife, LLC*, No. 24 MISC. 84 (KMK)(JCM), 2024 WL 3299182, at *3 (S.D.N.Y. May 16, 2024), report and recommendation adopted, No. 24-MC-84 (KMK), 2024 WL 3102181 (S.D.N.Y. June 24, 2024) ("Courts have the power to impose contempt based on the contemnor's failure to comply with a subpoena.").

A finding of contempt is warranted here because Exponent's conduct shows willfulness: the company first led Cerro Wire to believe that it would comply with the Subpoena and then chose to ignore its obligations, without offering any explanation or excuse. In finding contempt, the Court may award Cerro Wire litigation expenses, in addition to any other sanctions the Court deems appropriate. *See Gucci Am., Inc. v. Weixing Li*, No. 10 CIV. 4974 RJS, 2012 WL 5992142, at *8 (S.D.N.Y. Nov. 15, 2012) (awarding attorney's fees and costs after finding subpoenaed non-party in contempt for failure to comply with subpoena); *AMMEX Corp*, 2024 WL 3299182, at *3 (holding subpoenaed non-parties in contempt because they failed, without excuse, to produce documents). The Court should thus find Exponent in contempt and order it to reimburse Cerro Wire's costs and expenses, including attorney's fees, incurred in bringing this Motion.[1]

## V. CONCLUSION

For the foregoing reasons, Cerro Wire requests that the Court grant it motion and enter an order requiring Exponent to produce all responsive documents requested in the Subpoena (including emails and documents to all investigations of houses wire with Copperweld CCA wire) and a privilege log identifying any documents withheld on the basis of privilege. Cerro Wire also requests that the Court award Cerro Wire its expenses, including attorney's fees and costs, associated with bringing this motion.

[1] If the Court grants Cerro Wire's request, Cerro Wire will submit itemized documentation of its litigation expenses.

Dated: October 3, 2024

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Michael J. Sebba*

Michael J. Sebba
Michael.Sebba@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199